786.   CAMERON *v.* AMERICAN SODA FOUNTAIN CO.

1. The form of a verdict rendered by a jury is immaterial where both parties to the cause, by agreement, consent to the submission of a single issue, and that the jury may return a verdict upon that issue in language suggested by the court and which is sufficiently intelligible to be the basis of a legal judgment.

2. In a case where it is plain, under the pleadings and the evidence, that if two separate and independent contracts were entered into between the parties, the verdict should be for the plaintiff (the amount of his claim not being disputed), but that if only one contract, in its terms and nature an entire contract, was entered into by the parties, then, as a matter of law, the finding of the jury should be in favor of the defendant, a verdict, "We, the jury, find in favor of the entire contract," is such a verdict as authorizes a judgment in favor of the defendant, and for costs against the plaintiff.

3. The portions of the charge of the court to which exceptions are taken are not erroneous. When considered in the light of the explanatory note of the court, the instructions complained of were aptly adjusted to the issues raised by the pleadings and the evidence.

Complaint, from city court of Sylvester—Judge Park. September 13, 1907.

Submitted December 18, 1907.—Decided January 27, 1908.

*Payton & Hay,* for plaintiff.   *J. H. Tipton,* for defendant.

RUSSELL, J.    A. Mc. D. Cameron, the plaintiff in error, sued out an attachment against the American Soda Fountain Company as a non-resident; and summons of garnishment was served upon the Dr. Bell & Lee Drug Company, in pursuance of this attachment. A declaration in attachment was filed in the city court of Sylvester, in which it was alleged that the Soda Fountain Company was indebted to the plaintiff for the purchase-price of a soda-water apparatus and steel fountain, for which it was alleged the defendant had promised to pay him $225. Attached to the declaration was an account, properly verified. The evidence in behalf of the plaintiff was to the effect, that the partnership of A. McD. Cameron & Son (of which the plaintiff was a member) sold to the American Soda Fountain Company the apparatus in question, and that the company's agent, one S. J. Jones, agreed to pay Cameron & Son $225 for it; that after they had traded on the small second-hand soda fountain, Cameron & Son bought an apparatus from the agent of the American Soda Fountain Company, agreeing to pay about $700 for it, and that if it were shipped, the $225 should be applied on the price of the new one; that the new one was not shipped at the time they said they would ship it, and has never been shipped. It was further shown that the soda fountain formerly owned by Cameron & Son was taken by the agent Jones and sold to one Alexander. The contention of the plaintiff was, that the contract of sale was separate and distinct from the contract to buy a new soda fountain, and that as the fountain taken from his firm was never paid for, he was entitled to a judgment for the purchase-price. It was shown, as a reason why he alone should be paid, that he had purchased the interest of the other member of the partnership, Mr. Warren A. Cameron. The testimony for the plaintiff further showed that a telegram was sent to the defendant on April 6, 1904, not to ship the apparatus which the plaintiff or Cameron & Son contracted to buy, because they wanted larger apparatus, and that the defendant, in response to their telegram, sent a salesman to see them in regard to the matter. After discussing the matter with the salesman, they agreed to take the same apparatus which had previously been ordered. According to the testimony for the plaintiff, no new contract was drawn up, because Cameron & Son had decided to take the apparatus originally ordered; and subsequently to the visit of the sales-

man, nothing was said or done by Cameron & Son to retard or prevent the shipment of the fountain which they had agreed to buy of the defendant. Warren A. Cameron testified, in behalf of the plaintiff: "I sold him the apparatus we had for $225, and then, after we had agreed on the price of mine, I bought one from him. They were entirely two different transactions. When Jones came in the store, the first thing he did was to look at the little soda fountain and ask me what I would take for it; I told him I wanted to use it myself, and he said that if we could agree on the price he would like to take it off my hands and sell me a new one. He made me some offer and I would not take it, and I finally got him up to $225, and we traded." "The outfit that the defendant got from us was worth $225, and that was what they, through their agent, Jones, agreed to pay us for it."

The defendant pleaded that the contract was an entire contract, and asked for damages by way of recoupment. It alleged that it had completed the fountain ordered by Cameron & Son, and had been put to an expense of $356 for labor and material, and would have delivered it but for the telegram sent by them, asking that the fountain be not shipped; and it averred that it stood ready to deliver the fountain purchased of it, and to comply with the contract. The contract was put in evidence by the defendant. It was signed by Cameron & Son and dated March 25, 1904. The apparatus to be shipped was specifically described in detail, and it was provided therein that $75 of the purchase-price should be paid on receipt of the bill of lading or tender of the goods, and the balance in instalments of $11.30 per month, until the sum of $500 was paid in full, with interest at six per cent. Title in the property sold was reserved, and certain other conditions, immaterial to the present discussion, appear. The contract also provided that "it is understood that there are no terms, conditions, or agreements other than those stated herein." The testimony for the defendant tended to show that the contract for the sale of the new soda fountain, and acceptance of the small second-hand fountain in part payment therefor, was an entire contract, indivisible in its terms and provisions. The witnesses for the defendant also testified that since the receipt of the telegram from Cameron & Son asking the defendant to delay shipment, the soda fountain it was having made for the plaintiff, and in which it had invested $356

for labor, had remained incomplete, and that it was still incomplete; the defendant had fully complied with the terms of the contract, so far as it was possible to do, and had the work not been stopped by Cameron & Son, the fountain would have been completed, and forwarded in compliance with the contract; that the unfinished part of the work upon the fountain consisted of small details of supervision and finish; which it would not cost over $25 to complete. Witnesses for the defendant further testified that the acceptance and fulfillment of the contract of purchase of the small second-hand soda fountain was conditional on the acceptance and fulfillment of the Cameron order, and depended upon it; and that since the request of Cameron & Son to withhold shipment of the new apparatus, the defendant never claimed ownership of the old Cameron apparatus. According to the evidence of the defendant, the entire trade hinged upon the delivery of the new apparatus. The transfer of the old apparatus was conditional upon the fulfillment of the Cameron contract. It was also testified, in behalf of the defendant, that the selling agent, Jones, was not vested with authority to make a contract binding upon the company with reference to the second-hand fountain, except by approval of the manager of the company; and that the defendant has never released the firm of Cameron & Son, or either member of the firm, from the contract, nor ever had any knowledge of the dissolution.

At the conclusion of the evidence, the defendant's counsel moved a nonsuit, upon the ground that the plaintiff's action was for the recovery of the purchase-price of the second-hand soda fountain, and that the evidence showed that the soda fountain was taken as a part payment on a new soda fountain, purchased of the defendant; that the purchasing contract for the new apparatus being entire and complete between the parties, the plaintiff's right of action, if any, was for damages for failure to deliver the soda fountain according to the contract. The judge certifies that there was argument (without objection or exception by counsel for the plaintiff) as to this issue, to wit, whether the contract was entire or severable. It appears further, from the record, that the court, without objection on the part of either party (and thus by the tacit agreement of both), said, when ruling upon the motion for nonsuit, that in case the jury should find that the con-

tract was an entire contract, in which both soda fountains entered into the bargain, the verdict would necessarily be in favor of the defendant, and a denial of the plaintiff's contention. The judge, in refusing to award a nonsuit, necessarily held that if the jury found from the evidence that the sale of the second-hand fountain was an independent contract, the plaintiff could recover, because the evidence as to the purchase-price was undisputed. Not only does it thus appear that the counsel for both parties recognized that the issue in the case was whether the contract was entire or severable, but it is evident, from a review of the evidence, that the rights of the respective parties depended upon this issue. In accordance with the tacit understanding of all the parties, the judge instructed the jury fully and fairly as to the rules of law which would enable them to determine this issue of fact, and submitted the testimony on the subject for their consideration.

Complaint is made that the judge instructed the jury, as to the form of their verdict, that if they found that the purchase of the second-hand soda fountain was a severable contract and an independent transaction, they need not go further, except to find the value agreed upon between the plaintiff and the defendant's agent; and, the testimony being in conflict in that line, they should find such a verdict for the plaintiff as the testimony would warrant; that if they should find that the price agreed upon for the second-hand soda fountain apparatus was to be applied to the purchase-price of the new apparatus, thus would make a special finding, leaving out of consideration the plea of recoupment, damages, etc.; and the form of the verdict would be, "We, the jury, find in favor of the entire contract between the parties, and that the old soda fountain was to be applied as part payment of the purchase-price of the new one." The instruction as to the form of the verdict is, we confess, rather unusual, but it is not for that reason harmful to the plaintiff in error. The jury were fairly instructed as to the plaintiff's contention, and were fully authorized, if they preferred to do so, to find a verdict in his favor for the amount sued for.

Complaint is made that the judge, in one portion of the charge, said to the jury that if they should find that nothing was testified about the price of the old soda fountain, they would find nothing. In view of the fact that there was no testimony that the old soda

fountain was of any value, this instruction was not apposite to the evidence, and therefore was erroneous; but it was not such an error, when considered in connection with the whole charge, as could have misled the jury, who had just heard the testimony, nor such an error as would authorize the grant of a new trial. The counsel for the plaintiff in error heard the instruction of the judge to the jury as to the form of their verdict, and it was the duty of counsel, if the form suggested by the court was unsuitable, to call the attention of the court thereto, or to request that the jury be given a form of verdict which would more clearly explain the result of their deliberations. We do not think, however, that there is any difficulty in rendering a judgment upon the verdict found. If the jury had been instructed, without objection on the part of counsel for either party, that one symbol would represent a finding for the plaintiff for the amount claimed by him, and another symbol would represent a verdict for the defendant, and the jury had formed their verdict by symbols thus well understood by both parties to the case, present in court, judgment could be entered thereon. If, for instance, in a cause of action against a railroad company, with the tacit consent of the parties (the amount of the damages not being disputed in case of the defendant's liability), the court should tell the jury that if they found for the plaintiff the form of the verdict would be "cow," or, if in favor of the defendant, "engine," such a verdict would afford an intelligible basis for judgment. The only effect of the charges of the court of which complaint is made was to wholly withdraw from the jury any consideration of the plea of the defendant for damages, recoupment, etc.; and of this the plaintiff can not complain.          *Judgment affirmed.*